# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UDOM,<br>Detainee No. A023503206,<br><br>                                    Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; FBI;<br>LASD PHYSICIANS COUNTY JAIL;<br>LAPD; OFFICER HERNANDEZ;<br>CITY OF LOS ANGELES; DONOVAN<br>STATE PRISON DOCTOR; DEPUTY<br>PUBLIC DEFENDER; DEPUTY<br>ATTORNEY GENERAL; ATTORNEY<br>GENERAL, STATE OF CALIFORNIA,<br><br>                                    Defendants. | Civil No.     12cv0458 LAB (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO RECUSE [ECF No. 4];**<br><br>**(2) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2];**<br><br>**AND**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONEY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

Anthony Udom ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil action. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2]. In addition, Plaintiff has filed a Motion for Recusal [ECF No. 4].

# I.

## MOTION FOR RECUSAL

Plaintiff has filed a one page document in which he seeks to have this Court recuse from this matter. In this Motion, Plaintiff indicates that this "request is based on the Judge unreasonable delay in scheduling calendar." (*See* Pl.'s Mot. at 1.) Plaintiff also states, without any other elaboration, "conflict of interest." (*Id.*) "'In the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him,'" *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)), "except those in which [his] 'impartiality might reasonably be questioned.'" *Id.* (citing 28 U.S.C. § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.")). A motion to disqualify "must be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 549 (1994).

It is not clear to the Court the explanation behind either Plaintiff's claim of "unreasonable delay" or "conflict of interest." (Pl.'s Mot. at 1.) The matter currently before the Court had been pending for less than thirty (30) days at the time Plaintiff filed this Motion. Moreover, the Court is required to conduct a sua sponte screening of the Complaint due to the fact that Plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2). There has been no showing of an "unreasonable delay." With respect to the alleged "conflict of interest," the Court presumes that Plaintiff is referring to the Court's handling of Plaintiff's petition for writ of habeas corpus filed in *Udom v. U.S. Immigration, Custom Enforcement*, S.D. Cal. Civil Case No. 11-c-2789-LAB-BLM.

"The judge's conduct," including "the mere fact that a judge has previously expressed an opinion on a point of law," or has issued adverse "prior rulings in the proceeding," does not "'except in the rarest of circumstances'" form the sole basis for recusal under § 455(a)." *Holland*, 501 F.3d at 1124-25 (citations omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1159-60 (9th Cir. 1999). Plaintiff does not provide any factual detail or legal analysis to explain why he believes this Court has a conflict of interest in handling this matter. Absent some

specific allegation of personal bias, prejudice or interest, there is no showing that the Court's impartiality may reasonably be questioned. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to require recusal). Plaintiff's Motion for Recusal is **DENIED** without prejudice.

## II.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

/ / /

/ / /

/ / /

1  Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any
2  other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient
3  to show that Plaintiff is unable to pay the fees or post securities required to maintain this action,
4  and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF
5  No. 2].

### III.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's Complaint names a large number of Defendants, alleges awide variety of causes of action and offers very little coherent factual allegations.  It appears that Plaintiff mainly seeks to hold liable those responsible for his arrest in Los Angeles County and the subsequent criminal prosecution.  The only party Plaintiff seeks to hold liable in this action with any connection to the Southern District of California is the Richard J. Donovan Correctional Facility "prison doctor."  (*See* Compl. at 1, 6.)

Plaintiff claims in his Complaint that police officers with the Los Angeles Police Department violated his civil rights when they allegedly used excessive force during his arrest which he claims has caused his current mental health diagnosis. (*Id.* at 3.)  Plaintiff claims that

he has been falsely arrested, falsely imprisoned and State officials have "forged" his criminal conviction. (*Id.* at 2-4.) These claims appear to mount to an attack on the constitutional validity of Plaintiff's criminal proceedings, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In creating a favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Accordingly, to the extent Plaintiff challenges his previous criminal convictions, his § 1983 claims challenge the constitutional validity of his arrest and must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

In addition, Plaintiff seeks to hold the State of California liable for money damages based on the alleged violation of his civil rights. The State of California is not a "person" subject to suit under § 1983 and is instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996).

While not entirely clear, it appears that Plaintiff seeks to hold the Deputy Public Defender appointed to represent Plaintiff in his criminal proceedings liable for alleged constitutional violations. However, a person "acts under color of state law [for purposes of § 1983] only when

exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Deputy Public Defendant must be dismissed for failing to state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also seeks to hold an unnamed Deputy District Attorney who prosecuted the matter, liable for alleged constitutional violations.  Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991).  A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075.   Thus, Plaintiff's claims against this Defendant are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

/ / /

1    Plaintiff also claims that he was denied medications for a multitude of illness by "RJ Donovan State Prison physicians employees." (Compl. at 6.) There are no other allegations pertaining to this claim. "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, Plaintiff fails to describe with any specificity the nature of his alleged serious medical need nor does Plaintiff identify with any specificity the individuals whom he claims

denied him adequate medical care while housed at RJ Donovan. Thus, there are no facts from which this Court could find that Plaintiff has a serious medical need. Moreover, Plaintiff fails to describe with any specificity whether he suffered any harm as a result of the alleged deliberate indifference. If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful." Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment inadequate medical care claim.

Plaintiff also seeks to bring claims pursuant to California state law against the named Defendants. (*See* Compl. at 1-2.) However, because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.")

Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.

### IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Recusal [ECF No. 4] is **DENIED** without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

3.  Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1.  Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff fails to file an Amended Complaint within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

4.  The Clerk of Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

DATED:  April 10, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge