# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UDOM,<br>Detainee No. A023503206,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, ET AL.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　　12cv0458 LAB (PCL)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

## I.

### PROCEDURAL HISTORY

On February 21, 2012, Anthony Udom ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, filed a civil action. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2]. In addition, Plaintiff filed a Motion for Recusal. [ECF No. 4.]

On April 11, 2012, this Court granted Plaintiff's Motion to Proceed IFP, denied the Motion for Recusal and dismissed his Complaint for failing to state a claim and seeking money damages against immune defendants. [ECF No. 5]. On April 18, 2012, Plaintiff filed his First Amended Complaint ("FAC"). [ECF no. 6].

## II.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

As the Court stated in its previous Order, any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

While Plaintiff purportedly brings this First Amended Complaint pursuant to the Federal Torts Claim Act ("FTCA"), he fails to name the United States as a Defendant in this action. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, provides that the sovereign immunity of the United States is waived for suits resulting from torts "caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, Plaintiff's FTCA claims against the individual Defendants fail because the United States is the only proper defendant for an FTCA claim against a federal employee for actions taken within the scope of their employment. *See Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993).

While Plaintiff will be provided leave to file an Amended Complaint, he may not ultimately be able to proceed in this action. The FTCA also provides that an "action shall not be instituted upon a claim against the United States for money damages" until the claimant has

exhausted their administrative remedies. 28 U.S.C. § 2675(a). Here, it is not clear that Plaintiff has exhausted his administrative remedies prior to initiating this suit. Thus, Plaintiff is cautioned that this action may later be dismissed if the Court lacks subject matter jurisdiction because Plaintiff did not exhaust these claims prior to bringing this action. *See McNeil v. U.S.*, 508 U.S. 106 (1993) (parties must exhaust administrative remedies prior to bringing suit under the FTCA).

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: May 10, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge